UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | | |
|---|---|---|
| ALPINE FRESH, INC., | : | CASE NO. _____ |
| Plaintiff, | : | |
| vs. | : | |
| KING OCEAN SERVICES, LTD., a Cayman Island Corporation authorized to do business in th State of Florida under KING OCEAN SERVICES LIMITED (CAYMAN ISLANDS) INCORPORATED, | : : : | |
| Defendant. _____ | : : | |

## COMPLAINT

Plaintiff, ALPINE FRESH, INC., a Florida Corporation, by and through its undersigned counsel, sues Defendant, KING OCEAN SERVICES, LTD., a Cayman Island Corporation authorized to do business in th State of Florida under KING OCEAN SERVICES LIMITED     (CAYMAN ISLANDS) INCORPORATED, and as grounds therefor, Plaintiff would state as follows:

## JURISDICTION AND VENUE

1. This is an action brought pursuant to the *Carriage of Goods by Sea Act* ("COGSA"), 46 U.S.C. §1300, *et seq*. and therefore within the exclusive jurisdiction of this Court.

2. Plaintiff, at all times material hereto, was and continues to be a duly formed Florida corporation having its principal place of business in Miami-Dade County, Florida and authorized to do business in the State of Florida.

<u>Alpine Fresh, Inc. vs. King Ocean Services, Ltd.</u>
Case No. _____
<u>Complaint</u>

3. Defendant, upon information and belief, is and at all times material hereto was and continues to be a Cayman Islands Corporation duly authorized to do business in the State of Florida, having its principal place of business situated in both Miami, Florida and in Cayman Islands, B.W.I.

4. Defendant, upon information and belief, is and at all times material hereto was a carrier as defined by COGSA which did business with Plaintiff who, as set forth above, is situated in Miami-Dade County, Florida.

5. On or about March 30, 2012, Defendant undertook to carry a shipment of perishable fresh mangos at a temperature of 48ºF with a gross weight of 21,375 kgs from the shipper known as El Tintero, S.A. from Villa Nueva, Guatemala to Miami, Florida pursuant to Bill of Lading No. KOSLGUAPEV01128. A true and correct copy of that Bill of Lading is attached hereto and made a part hereof as **Exhibit "A"**.

6. The afore-described Bill of Lading contained no exceptions other than those specifically set forth on that Bill of Lading.

7. The shipment in accordance with said Bill of Lading was consigned to the Plaintiff, specifically designating its address as 9300 Northwest 58th Street, Miami, Florida  33178.

8. Defendant failed to maintain the temperature as required by the Bill of Lading, thereby causing damage to the mangos that were then and there consigned to Plaintiff.

9. Plaintiff has been damaged in the amount of $9,799.84, all by reason of Defendant's failure to maintain the refrigeration of the cargo of mangos as required by the Bill of Lading.

<u>Alpine Fresh, Inc. vs. King Ocean Services, Ltd.</u>
Case No. _____
<u>Complaint</u>

10. Defendant had a contractual obligation to deliver to the Plaintiff, as the consignee, to the port of discharge in Miami, Florida, the cargo that was the subject of the Bill of Lading in the same and condition as Defendant received said cargo in Villa Nueva, Guatemala.

WHEREFORE, Plaintiff, ALPINE FRESH, INC., a Florida Corporation, demands judgment for damages against Defendant, KING OCEAN SERVICES, LTD., a Cayman Island Corporation authorized to do business in the State of Florida under KING OCEAN SERVICES LIMITED (CAYMAN ISLANDS) INCORPORATED in the amount of $9,799.84, as well as interest, costs and for any and all further relief as this Court deems just and proper.

DATED, this 26th day of March, 2013.

THE SCHIFFRIN LAW FIRM, PLLC
Attorneys for Alpine
Suite 208 - Dadeland Office Park
9200 South Dadeland Boulevard
Miami, Florida   33156
Telephone: (305) 539-0000
Telecopier:  (305) 539-0013


*S:/Michael Schiffrin*
MICHAEL SCHIFFRIN, ESQ.
Fla. Bar No. 1778240
[e-mail: *schifflaw@aol.com*]